UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| AMP CAPITAL INVESTORS LIMITED, et al.,<br><br>        Objectors-Appellants,<br><br>CHARLES N. DORNFEST,<br><br>        Plaintiff-Appellant,<br><br>   -against-<br><br>PUBLIC PENSION FUNDAS, et al.,<br><br>        Plaintiffs-Appellees,<br><br>BANK OF AMERICA CORP., et al.,<br><br>        Defendants-Appellees. | Docket Nos. 13-1573-cv and 13-1677-cv<br><br>Appeal from the United States District Court for the Southern District of New York<br><br>09 Md. 2058 (PKC)<br>10 Civ. 275(PKC) |

## OPPOSITION TO MOTION TO DISMISS THE APPEAL OF PLAINTIFF-APPELLANT CHARLES N. DORNFEST FOR LACK OF APPELLATE JURISDICTION

Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (T)
(212) 684-5191 (F)
jspanier@abbeyspanier.com

Jeffrey H. Squire
Raymond A. Bragar
Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858 (T)
(212) 486-0462 (F)
squire@bespc.com

*Attorneys for Plaintiff-Appellant
Charles Dornfest*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................1

ARGUMENT ..............................................................................................................2

CONCLUSION ...........................................................................................................8

# **TABLE OF AUTHORITIES**

Statutes:

18 U.S. C. § 1292(b) ............................................................................................6

Rules:

F.R. Civ P. 46 ....................................................................................................5

Fed.R.Civ.P. 23(f) ..............................................................................................6

Appellant Charles N. Dornfest ("Dornfest") respectfully submits this opposition to the Bank Defendants'[1] motion to dismiss Dornfest's appeal for a supposed lack of appellate jurisdiction. Dornfest consents to the deconsolidation of his appeal, the alternative relief sought.

**PRELIMINARY STATEMENT**

The Bank Defendants' motion to dismiss Dornfest's appeal avoids the two most important rulings relevant to the Bank Defendants' motion. Those rulings are:

(1) Paragraph 5 of the Judgment (A2009, A2013), from which Dornfest appeals, dismissed with prejudice the "Action". The "Action" was defined in the Stipulation of Settlement (A1620, A1633) as the consolidated securities class action, *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*; Master File No. 09 MDL 2058, including all actions consolidated into that consolidated securities class action. That definition of "Action" was incorporated by reference into the Judgment by the Judgment's third "Whereas" clause (A2010), as well as

---

[1] All terms are used as defined in the Bank Defendants' motion unless otherwise noted.

1

paragraph 2 of the Judgment, which dismissed not only claims by "Class Members", but also dismissed the "Action" (A2012)[2]; and

(2) Judge Chin's April 9, 2010 order (A973) consolidated Dornfest's action into the Consolidated Securities Class Action.

Thus, the Judgment dismissed Dornfest's action with prejudice, and so provided jurisdiction for Dornfest's right to appeal.

## ARGUMENT

### THERE IS JURISDICTION OVER DORNFEST'S APPEAL BECAUSE THE JUDGMENT WAS A FINAL ORDER DISMISSING DORNFEST'S COMPLAINT

Paragraph 1(a) (A1633) of the Stipulation of Settlement ("Stipulation") (A1620), which is incorporated by reference into the Judgment (A2012), defines the "Action" as (A1633):

> "Action" means the consolidated securities action in the matter styled *Inre Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act(ERISA) Litigation,* No. 09 MDL 2058 (PKC) (S.D.N.Y.), and includes all actions consolidatedtherein pursuant to the Court's Consolidation Order.

On April 9, 2010, the district court consolidated Dornfest's complaint into the Action (A973). The Bank Defendants have conceded this fact on multiple occasions. For example, a letter from the Bank Defendants' counsel to the district court, dated May 14, 2010, correctly states (A988-89):

---

[2] The relevant pages from the Judgment and Stipulation of Settlement are annexed hereto.

2

On April 9, 2010, Judge Chin ordered the consolidation of these actions [Dornfest's action, among others], which were filed as purported class actions, with the Consolidated Securities Actions.

In another letter to the district court, dated February 24, 2011, the Bank Defendants' counsel explained (A1193):

On April 9, 2010, the Court rejected Dornfest's first application to be Lead Plaintiff for a class of options holders. Instead, the Court consolidated Dornfest's complaint with the Consolidated Securities Action.

Finally, on September 21, 2011, Bank Defendants again wrote to the district court and argued that it was beyond any doubt that Dornfest's action was consolidated into the Action (A1287):

Judge Chin…consolidated [Mr. Dornfest's case] into the Consolidated Securities Action. April 9 Order at 5 []. That decision is final and no longer subject to reconsideration. It is also not subject to genuine doubt.

Thus, in Bank Defendants' counsel's own words, it is beyond doubt that Dornfest'scomplaint was consolidated into the Action.

The Judgment, from which Dornfest appeals, dismissed the Action with prejudice. The Judgment is a final order as to Dornfest's complaint, and provides him with the right to appeal.

In an attempt to escape Dornfest's appeal from the Judgment, the Bank Defendants move to dismiss his appeal, and raise a host of side issues irrelevant to Dornfest's right to appeal. The Bank Defendants begin with a discussion of

3

Dornfest not having prosecuted his action as an "individual" action. However, as Dornfest's counsel explained, both to Judge Castel (A1271) and in Dornfest's brief filed on behalf of his appeal (at page 20 ftn. 4), considering the size of the case as compared to the size of Dornfest's individual claim, his individual claim was not large enough to litigate and try individually. In any event, Dornfest's decision not to litigate his action individually has no bearing on the fact that the Judgment dismissed his action. The Bank Defendants fail to explain how Dornfest not prosecuting his case individually— which would have been, practically, an impossible exercise—has relevance to the final Judgment that dismissed his claim.

Similarly, the Bank Defendants' discussion of a variety of other issues and definitions also all ignore the plain fact that the Judgment of dismissal was final as to Dornfest's action, namely, the Bank Defendants' discussion of the "part[ies] to the judgment" and personal "jurisdiction"(Bank Defendants' brief at 10); the "class determination" (*id.* at 10-11); the scope of the "release" (*id.* at 12-13); Dornfest's "claims" (*id.* at 11, 14, 15-16); and their discussion of a "stipulation" extending defendants' time to answer Dornfest's Complaint, taken separately or together, cannot avoid the Judgment's dismissal of Dornfest's action with prejudice. All of these points now raised by the Bank Defendants are irrelevant to the issue of whether Dornfest's action was dismissed by the Judgment. The Bank Defendants' host of issues only obfuscates the inescapable fact that Dornfest's case was

consolidated into the Action (as that term was defined by the Judgment), the Judgment is final, and it dismissed Dornfest's action with prejudice.

Moreover, contrary to the Bank Defendants' argument, the stipulation to which they refer says nothing about Dornfest's individual claims not being other than consolidated.[3] Indeed, on May 14, 2010 the Bank Defendants advised the district court that they proposed to treat Dornfest's action as consolidated with the Consolidated Securities Action and, thus, were not required to answer his complaint (A987-991) (*id.* at 16).

The Bank Defendants seem implicitly to argue (Bank Defendants' brief at 15-16) that only Dornfest's "class claims" were consolidated, and not his individual claim, but they cite to nothing in the record, nor can they, that left Dornfest's action, whether class or individual, unconsolidated. In apparent desperation, the Bank Defendants argue that they didn't "inten[d]" to dismiss Dornfest's claim (*id.* at 17), but argue that Dornfest should have tried to correct the Bank Defendants' allegedly "erroneous" dismissal of his action in connection with a $2.425 billion settlement.[4] There was no error in the Judgment. As described

---

[3] Even Judge Castel's decision from which Dornfest appeals (A1488), refers to the framework proposed by Dornfest in a "consolidated securities fraud class action" (A1491).

[4] The Bank Defendants cite to F.R. Civ P. 46, entitled "Objecting to a Ruling or Order" which is part of Title VI of the Rules, entitled, "Trials", but here there was never a trial.

5

below, Dornfest had attempted twice to seek appellate review of the order that precluded him from moving to certify a class of BoA option investors. Only after his action was finally dismissed could he appeal that order. The Judgment created his right to appeal.

Thus, even were the Banks Defendants' arguments relevant (and they are not) all these arguments should and can be heard as part of Dornfest's appeal. As set forth in great detail in Dornfest's opening brief, at every turn he has been diligent in pursuing review of the district court's decision that precluded him from moving to certify a class of BoA option investors. When these requests were denied, Dornfest made two attempts to have this Court review the district court's order barring him from making a class certification motion. Dornfest sought to appeal pursuant to Fed.R.Civ.P.23(f) and 18 U.S. C. §1292(b). Both of those attempts to appeal were denied.

Dornfest filed his notice of appeal from the final Judgment over five months ago, on April 24, 2013 (A2079-80). Needless to say, this Court's jurisdiction may always be challenged, but the Bank Defendants fail to provide any explanation as to why for the five months following Dornfest's filing his Notice of Appeal, the Bank Defendants sat idle, except to help craft the Joint Appendix. Only after Dornfest filed his opening brief did the Bank Defendants suddenly and erroneously

argue that the order dismissing the consolidated Action was, as to Dornfest, other than final.

## **CONCLUSION**

The Bank Defendants' motion to dismiss Dornfest's appeal should be denied, but for the reasons set forth in the Bank Defendants' motion, Dornfest's appeal should be deconsolidated from all the other appeals.

RESPECTFULLY SUBMITTED,
BRAGAR EAGEL & SQUIRE, P.C.

S/ Raymond A. Bragar

Jeffrey H. Squire
Raymond A. Bragar
Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858 (ph)
(212) 486-0462 (fax)
squire@bespc.com

ABBEY SPANIER, LLP

S/ Judith L. Spanier

Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (ph)
(212) 684-5191 (fax)
jspanier@abbeyspanier.com

*Attorneys for Plaintiff-Appellant Charles Dornfest*

# A2009

~~Case 1:09-md-02058-PKC~~ Document 871   Filed 04/09/13   Page 1 of 65

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC)<br><br>ECF CASE |
| THIS DOCUMENT RELATES TO:<br>Consolidated Securities Action | |

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-9-13

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated securities action is pending in this Court entitled *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09 MDL 2058 (PKC) (S.D.N.Y.) (the "Action");

WHEREAS, by Memorandum and Order dated February 6, 2012, this Court certified the Action to proceed as a class action on behalf of a class of investors consisting of: (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), all persons and entities who held Bank of America Corporation ("BoA") common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill"), and were damaged thereby; and (ii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections 10(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv) as

to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, and were damaged thereby (the "Class");[1]

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation and Agreement of Settlement dated November 30, 2012 (the "Stipulation");

WHEREAS, pursuant to this Court's Order dated February 29, 2012, the Notice of Pendency of Class Action (the "Class Notice") was mailed to potential members of the Class to notify them of, among other things: (i) the Action pending against the Defendants; (ii) the certification of the Action by the Court to proceed as a class action on behalf of the Court-certified Class; and (iii) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion;

WHEREAS, Lead Plaintiffs, the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden, individually and on behalf of the Court-certified Class, and defendants BoA, Merrill, Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, William Barnet III, Frank P. Bramble, Sr.,

---

[1] Excluded from the Class by definition are: Defendants, present or former executive officers of BoA and Merrill, present or former members of Merrill's and BoA's Board of Directors and their immediate family members (as defined in 17 C.F.R. § 229.404, Instructions). Also excluded from the Class are any Persons who previously submitted a request for exclusion as set forth on Appendix 1 to the Stipulation and Agreement of Settlement dated November 30, 2012 who have not opted-back into the Class. All Persons excluded from the Class pursuant to request are set forth on Exhibit 1 hereto.

John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward (collectively, the "Defendants" and, together with Lead Plaintiffs, the "Parties") entered into the Stipulation, which was approved by additional named plaintiff Grant Mitchell (together with Lead Plaintiffs, the "Class Representatives"), setting forth the terms and conditions of the Parties' proposed settlement (the "Settlement");

WHEREAS, by Order dated December 4, 2012 (the "Preliminary Approval Order"), this Court (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to potential Class Members; (c) provided Class Members with the opportunity to: (i) opt-back into the Class if they previously submitted a request for exclusion from the Class in connection with the Class Notice, or (ii) object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on April 5, 2013 (the "Settlement Hearing") to consider, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate, and in the best interests of Lead Plaintiffs and the other Class Members, and should therefore be approved; and (ii) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, including the objections filed with respect thereto, and the record in the Action, and good cause appearing therefor;

## A2012

NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1. **Jurisdiction** - The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2. **Incorporation of Settlement Documents** - This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on November 30, 2012; and (b) the Settlement Notice and the Summary Notice, both of which were filed with the Court on February 19, 2013.

3. **Settlement Notice** - The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Notice: (i) were implemented in accordance with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members (a) of the effect of the Settlement (including the Releases provided for therein), (b) of Co-Lead Counsel's motion for an award of attorneys' fees and reimbursement of Litigation Expenses, (c) of their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and reimbursement of Litigation Expenses, (d) of their right to opt-back into the Class if they previously submitted a request for exclusion in connection with the Class Notice, and (e) of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice of the proposed Settlement; and (v) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4(a)(7), 15 U.S.C. § 77z-1(a)(7), and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims** - Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein, including the release of the Released Lead Plaintiffs' Claims as against the Defendants' Releasees; and the dismissal with prejudice of claims against Defendants), and finds that the Settlement is, in all respects, fair, reasonable and adequate, and is in the best interests of Lead Plaintiffs and the other Class Members. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims against Defendants by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** - The terms of the Stipulation and of this Judgment shall be forever binding on the Defendants, Lead Plaintiffs and all other Class Members (regardless of whether or not any individual Class Member submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns. The Persons listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment.

7. **Releases** - The releases as set forth in paragraphs 5 and 6 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. Accordingly, this Court orders that:

# A1620

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE BANK OF AMERICA CORP. SECURITIES, DERIVATIVE, AND EMPLOYEE RETIREMENT INCOME SECURITY ACT (ERISA) LITIGATION | Master File No. 09 MDL 2058 (PKC)<br><br>ECF CASE |
| THIS DOCUMENT RELATES TO:<br><br>Consolidated Securities Action | |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement dated as of November 30, 2012 (the "Stipulation") is submitted pursuant to Rule 23 of the Federal Rules of Civil Procedure. Subject to the approval of the Court, this Stipulation is entered into, by and through their respective undersigned counsel, and embodies the terms and conditions of the settlement between (a) the State Teachers Retirement System of Ohio; the Ohio Public Employees Retirement System; the Teacher Retirement System of Texas; Stichting Pensioenfonds Zorg en Welzijn, represented by PGGM Vermogensbeheer B.V.; and Fjärde AP-Fonden (collectively, "Lead Plaintiffs"), on behalf of the Court-certified Class (defined below); and (b) Bank of America Corporation ("BoA"), Merrill Lynch & Co., Inc. ("Merrill"), Kenneth D. Lewis, John A. Thain, Joe L. Price, Neil A. Cotty, Banc of America Securities LLC, Merrill Lynch, Pierce, Fenner & Smith Incorporated, and the BoA Board[1] (collectively, the "Defendants").[2] Subject to the approval of

---

[1] The "BoA Board" consists of: William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward.

[2] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in paragraph 1 herein.

relinquished, waived, discharged and dismissed with prejudice in accordance with and subject to the terms and conditions set forth below.

## I. DEFINITIONS

1. As used in this Stipulation, and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a) "Action" means the consolidated securities action in the matter styled *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation*, No. 09 MDL 2058 (PKC) (S.D.N.Y.), and includes all actions consolidated therein pursuant to the Court's Consolidation Order.

(b) "Alternative Judgment" means a form of final judgment that may be entered by the Court herein but in a form other than the form of Judgment provided for in this Stipulation.

(c) "Authorized Claimant" means a Class Member who submits a timely and valid Proof of Claim Form to the Claims Administrator, in accordance with the requirements established by the Court, that is approved for payment from the Net Settlement Fund.

(d) "BoA" means Bank of America Corporation.

(e) "BoA January 2011 Call Options" means January 22, 2011 call options referencing BoA common stock with the following strike prices: $2.50, $5.00, $7.50, $10.00, $12.50, $15.00, $17.50, $20.00, $22.50, $25.00, $30.00, $35.00, $40.00, $45.00, $50.00, $55.00 and $60.00.

(f) "Claim" means a Proof of Claim Form submitted to the Claims Administrator.

(g) "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant or Class Member must

14