**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 13-1573-cv; 13-1677-cv _____ Caption [use short title] _____

**Motion for:** Permission to file sur-reply _____

In re Bank of America Securities Litigation

Set forth below precise, complete statement of relief sought:

Order granting Dornfest permission to file sur-reply in

further opposition to the Bank Defendants' motion to

dismiss his appeal, or, in the alternative, striking the

new matter in the Bank Defendants' reply.

**MOVING PARTY:** Charles N. Dornfest     **OPPOSING PARTY:** Bank of America Corp., et al.

☑ Plaintiff        ☐ Defendant
☑ Appellant/Petitioner  ☐ Appellee/Respondent

**MOVING ATTORNEY:** Jeffrey H. Squire     **OPPOSING ATTORNEY:** Mitchell A. Lowenthal

[name of attorney, with firm, address, phone number and e-mail]

Bragar Eagel & Squire, P.C.         Cleary Gottlieb Steen & Hamilton LLP
885 Third Avenue, Suite 3040        One Liberty Plaza
New York, NY 10022              New York, NY 10006
(212) 308-5858, squire@bespc.com    (212) 225-2760, mlowenthal@cgsh.com

Court-Judge/Agency appealed from: United States District Court for the SDNY, Hon. P. Kevin Castel

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain):_____

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know
Does opposing counsel intend to file a response:
☑ Yes ☐ No ☐ Don't Know

Is oral argument on motion requested?   ☐ Yes ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes ☑ No  If yes, enter date:_____

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has request for relief been made below?      ☐ Yes ☐ No
Has this relief been previously sought in this Court?  ☐ Yes ☐ No
Requested return date and explanation of emergency:_____

**Signature of Moving Attorney:**
/s/ Jeffrey H. Squire ___ **Date:** 9/18/2013 ___ Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

---

**ORDER**

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

**FOR THE COURT:**
CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____     By: _____

**Form T-1080** (rev. 7-12)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| AMP CAPITAL INVESTORS LIMITED, et al.,<br><br>    Objectors-Appellants,<br><br>CHARLES N. DORNFEST,<br><br>    Plaintiff-Appellant,<br><br> -against-<br><br>PUBLIC PENSION FUNDS, et al.,<br><br>    Plaintiffs-Appellees,<br><br>BANK OF AMERICA CORP., et al.,<br><br>    Defendants-Appellees. | Docket Nos. 13-1573-cv and<br>     13-1677-cv<br><br>Appeal from the United States<br>District Court for the Southern<br>District of New York<br><br>09 Md. 2058 (PKC)<br>10 Civ. 275(PKC) |

## MOTION TO FILE SUR-REPLY

Appellant Charles N. Dornfest ("Dornfest") respectfully submits this motion, pursuant to Rule 27 of the Federal Rules of Appellate Procedure, requesting permission to file a sur-reply in further opposition to the Bank Defendants'[1] motion to dismiss Dornfest's appeal for a supposed lack of appellate jurisdiction.[2]  A copy of Dornfest's proposed sur-reply is attached as Exhibit A.

Dornfest's motion should be granted because the Bank Defendants have raised arguments for the first time in their reply papers.  In their Reply, the Bank

---

[1] All terms not defined herein are used as defined in Dornfest's opposition to the Banks Defendants' motion to dismiss his appeal.

[2] Dornfest has consented to the deconsolidation of his appeal, the alternative relief sought by the Bank Defendants.

1

Defendants claim, for the first time, that the "Action" dismissed by the Judgment consists only of actions consolidated by the June 30, 2009 Consolidation Order. The Banks Defendants' argument is not only incorrect for two reasons, but also it was plainly improper for the Bank Defendants to have raised this point for the first time in reply papers, and Dornfest should be given an opportunity to respond to the new argument in the Bank Defendants' reply papers.  Copies of the Bank Defendants moving papers, Dornfest's opposition and the Bank Defendants' reply are attached (without attachments) as Exhibits, B, C, and D, respectively.  In the alternative, Dornfest requests that the Court strike the new matter (Ex. D at pp. 6-7) contained in the Bank Defendants' reply.

## CONCLUSION

The Court should grant Dornfest's motion to file a sur-reply in further opposition to the Bank Defendants' motion.

Dated: New York, New York
      September 18, 2013

RESPECTFULLY SUBMITTED,
BRAGAR EAGEL & SQUIRE, P.C.

By: S/Jeffrey H. Squire

Jeffrey H. Squire
Raymond A. Bragar
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858 (ph)

(212) 486-0462 (fax)
squire@bespc.com

ABBEY SPANIER, LLP

By: S/Judith L. Spanier

Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (ph)
(212) 684-5191 (fax)
jspanier@abbeyspanier.com

*Attorneys for Plaintiff-Appellant Charles Dornfest*

# Exhibit A

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

| | |
|---|---|
| AMP CAPITAL INVESTORS LIMITED, et al., | Docket Nos. 13-1573-cv and 13-1677-cv |
| Objectors-Appellants, | |
| CHARLES N. DORNFEST, | Appeal from the United States District Court for the Southern District of New York |
| Plaintiff-Appellant, | |
| -against- | |
| PUBLIC PENSION FUNDS, et al., | 09 Md. 2058 (PKC) |
| Plaintiffs-Appellees, | 10 Civ. 275(PKC) |
| BANK OF AMERICA CORP., et al., | |
| Defendants-Appellees. | |

**[PROPOSED] SUR-REPLY IN FURTHER OPPOSITION TO MOTION TO DISMISS THE APPEAL OF PLAINTIFF-APPELLANT CHARLES N. DORNFEST FOR LACK OF APPELLATE JURISDICTION**

Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (T)
(212) 684-5191 (F)
jspanier@abbeyspanier.com

Jeffrey H. Squire
Raymond A. Bragar
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858 (T)
(212) 486-0462 (F)
squire@bespc.com

*Attorneys for Plaintiff-Appellant Charles Dornfest*

# **TABLE OF CONTENTS**

PRELIMINARY STATEMENT ...................................................................1

ARGUMENT ...........................................................................................2

    I.  THE BANK DEFENDANTS' DEFINITION OF "CONSOLIDATION
         ORDER" IS BASELESS BECAUSE THE STIPULATION DOES NOT
         LIMIT THE CONSOLIDATED "ACTION" TO THE ACTIONS
         CONSOLIDATED BY THE JUNE 30, 2009 CONSOLIDATION
         ORDER.......................................................................................2

    II.  DORNFEST'S ACTION WAS CONSOLIDATED "PURSUANT
         TO"THE JUNE 30, 2009 CONSOLIDATION ORDER ...........................3

CONCLUSION .......................................................................................4

i

Appellant Charles N. Dornfest ("Dornfest") respectfully submits this sur-reply in further opposition to the Bank Defendants' motion to dismiss Dornfest's appeal for a supposed lack of appellate jurisdiction.[1]

## PRELIMINARY STATEMENT

In reply, the Bank Defendants raise a new argument that Dornfest's case was not dismissed by the Judgment because the definition of the "Action" (defined in the Stipulation of Settlement) was limited to the complaints consolidated by the June 30, 2009 Consolidation Order. The Bank Defendants are wrong. The argument is contrary to the very definition upon which the Bank Defendants rely, namely, the definition of the "Action" in the Stipulation of Settlement, incorporated into the Judgment. The definition of the Action (quoted in full, *infra*) is: "consolidated securities action…*and includes* all actions consolidated herein pursuant to the Court's Consolidation Order." (italics added) Dornfest's case was consolidated into the consolidated securities action, and therefore, included in the definition of the "Action" dismissed by the Judgment.[2]

---

[1] Dornfest has consented to the deconsolidation of his appeal, the alternative relief sought by the Bank Defendants.

[2] All terms not defined herein are used as defined in Dornfest's opposition to the Bank Defendants' motion to dismiss his appeal.

## ARGUMENT

**I. THE BANK DEFENDANTS' DEFINITION OF "CONSOLIDATION ORDER" IS BASELESS BECAUSE THE STIPULATION DOES NOT LIMIT THE CONSOLIDATED "ACTION" TO THE ACTIONS CONSOLIDATED BY THE JUNE 30, 2009 CONSOLIDATION ORDER**

The Stipulation of Settlement defines "Action," as follows (A 1633):

> the consolidated securities action in the matter styled *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation,* No. 09 MDL 2058 (PKC) (S.D.N.Y.), **and includes** all actions consolidated therein pursuant to the Court's Consolidation Order. (underline and bold added)

Dornfest's case was unquestionably consolidated into *In re Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act (ERISA) Litigation,* No. 09 MDL 2058 (PKC) (S.D.N.Y.), the "consolidated securities action," and therefore is part of the dismissed Action. The Action "includes," but was not limited to, actions consolidated pursuant to the district court's June 30, 2009 Consolidation Order. Any argument by the Bank Defendants to the contrary is contradicted by the plain and unambiguous language of the Stipulation quoted above.[3]

As explained in great detail in Dornfest's opposition to the Bank Defendants' motion to dismiss his appeal, the Bank Defendants' counsel on

_____

[3] Further, the Bank Defendants' notion that there could be more than one "consolidated" action contradicts the meaning of "consolidate" – to join or combine together into one thing. MERRIAM-WEBSTER http://www.merriam-webster.com/dictionary/consolidate.

2

numerous occasions acknowledged that, "[i]t is … not subject to genuine doubt" that Dornfest was, consolidated into the "consolidated securities action" and so by definition, consolidated into the Action.  (A 1287)  The Court should reject the Bank Defendants' attempt to create doubt where none exists.

## II.    DORNFEST'S ACTION WAS CONSOLIDATED "PURSUANT TO" THE JUNE 30, 2009 CONSOLIDATION ORDER

The plain language of the district court's April 9, 2010 Memorandum Decision ("April 2010 Order") demonstrates that Dornfest's case was consolidated, in the words of the Stipulation of Settlement, "pursuant to" the terms of the June 30, 2009 Memorandum Opinion.  Judge Chin begins the April 2010 Order:

> On June 30, 2009, the Court issued an opinion (the "Opinion") ordering, among other things, the consolidation of the Securities Actions, the appointment of…lead plaintiffs for the Securities Actions, and the appointment of their lawyers as lead counsel for the Securities Actions. (A 970)

The issue before the district court resolved by the April 2010 Order, as stated by Judge Chin, was:

> whether these additional cases [Dornfest, among others] should be consolidated into the Consolidated Securities Actions, or whether the options and bond cases may proceed as separate class actions on a related but not consolidated basis with the Consolidated Securities Actions. (A 972)

Judge Chin resolved this issue as follows:

3

Iron Workers (No. 09 Civ. 10394), Dornfest (No. 10 Civ. 275), and Ciullo (No. 10 Civ. 1673) are hereby consolidated into the Consolidated Securities Actions (No. 09 MDL 2058). (A 974)

Dornfest's case was, beyond question, consolidated into the Action "pursuant to" the terms of the June 30, 2009 order that appointed lead plaintiffs and lead counsel. Indeed, the main reason Dornfest was not allowed to move for class certification was because his case was consolidated into the "Consolidated Securities Actions" and lead plaintiffs and counsel appointed pursuant to the June 30, 2009 Memorandum Opinion did not want Dornfest to be a lead plaintiff. for this reason, the Bank Defendants' argument that Dornfest's case was not consolidated "pursuant to" the Consolidation Order and included in the Action dismissed by the Judgment is without merit.

## **CONCLUSION**

The Bank Defendants' motion to dismiss Dornfest's appeal should be denied.

Dated:  New York, New York
        September 18, 2013

RESPECTFULLY SUBMITTED,
BRAGAR EAGEL & SQUIRE, P.C.
By:_____

Jeffrey H. Squire
Raymond A. Bragar
885 Third Avenue, Suite 3040

4

New York, New York 10022
(212) 308-5858 (ph)
(212) 486-0462 (fax)
squire@bespc.com

ABBEY SPANIER, LLP

By:_____

Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (ph)
(212) 684-5191 (fax)
jspanier@abbeyspanier.com

*Attorneys for Plaintiff-
Appellant Charles Dornfest*

# Exhibit B

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse    40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 13-1573-cv; 13-1677-cv                    Caption [use short title]

**Motion for:** Dismissal or De-consolidation                In re Bank of America Securities Litigation

Set forth below precise, complete statement of relief sought:

Order dismissing Dornfest's appeal due to lack of

appellate jurisdiction, or, in the alternative, order

de-consolidating Dornfest's appeal from Docket

13-1573-cv.

**MOVING PARTY:** Bank of America Corp., et al.          **OPPOSING PARTY:** Charles N. Dornfest

☐ Plaintiff          ☑ Defendant
☐ Appellant/Petitioner   ☑ Appellee/Respondent

**MOVING ATTORNEY:** Mitchell A. Lowenthal          **OPPOSING ATTORNEY:** Jeffrey H. Squire

[name of attorney, with firm, address, phone number and e-mail]

Cleary Gottlieb Steen & Hamilton LLP          Bragar Eagel & Squire, P.C.
One Liberty Plaza          885 Third Avenue, Suite 3040
New York, NY 10006          New York, NY 10022
(212) 225-2760, mlowenthal@cgsh.com          (212) 308-5858, squire@bespc.com

Court-Judge/Agency appealed from: United States District Court for the SDNY, Honorable P. Kevin Castel

**Please check appropriate boxes:**                    **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND
                                                      INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):     Has request for relief been made below?          ☐ Yes  ☐ No
☑ Yes  ☐ No (explain):_____          Has this relief been previously sought in this Court?  ☐ Yes  ☐ No
                                              Requested return date and explanation of emergency:_____

Opposing counsel's position on motion: See Appendix A
☐ Unopposed  ☒ Opposed  ☐ Don't Know
Does opposing counsel intend to file a response?          _____
☑ Yes  ☐ No  ☐ Don't Know                    _____

Is oral argument on motion requested?     ☐ Yes  ☑ No  (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?     ☐ Yes  ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**
/s/ Mitchell A. Lowenthal     **Date:** 8/28/2013     Service by: ☑ CM/ECF     ☐ Other [Attach proof of service]

---

### ORDER

**IT IS HEREBY ORDERED THAT** the motion is **GRANTED  DENIED**.

                                        **FOR THE COURT:**
                                        CATHERINE O'HAGAN WOLFE, Clerk of Court

Date: _____          By: _____

**Form T-1080** (rev. 7-12)

# **APPENDIX A**

The Defendants-Appellees make two alternative requests for relief in the attached motion, one of which the Plaintiff-Appellant opposes, and one that he does not.  The Plaintiff-Appellant opposes the request for an order dismissing the appeal for lack of appellate jurisdiction, but does not oppose the alternative request that the appeal be de-consolidated from the other appeals with which it is currently consolidated.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

AMP CAPITAL INVESTORS LIMITED, et
al.,

                Objectors-Appellants,

CHARLES N. DORNFEST,

                Plaintiff-Appellant,

    -against-

PUBLIC PENSION FUNDS, et al.,

                Plaintiffs-Appellees,

BANK OF AMERICA CORP., et al.,

                Defendants-Appellees.

Docket Nos. 13-1573-cv and
          13-1677-cv

Appeal from the United States
District Court for the Southern
District of New York

09 Md. 2058 (PKC)
10 Civ. 275 (PKC)

## MOTION TO DISMISS THE APPEAL OF PLAINTIFF-APPELLANT CHARLES N. DORNFEST FOR LACK OF APPELLATE JURISDICTION OR, IN THE ALTERNATIVE, TO DE-CONSOLIDATE THIS APPEAL FROM OTHERS

BAKER BOTTS LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2400
(202) 639-7700

*Attorneys for Defendant-Appellee
Joe L. Price*

DECHERT LLP
1095 Avenue of the Americas
New York, New York  10018
(212) 698-3500

*Attorneys for Defendant-Appellee
John A. Thain*

DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C.  20004
(202) 383-8118

*Attorneys for Defendant-Appellee
Kenneth D. Lewis*

CLEARY GOTTLIEB STEEN
 & HAMILTON LLP
One Liberty Plaza
New York, New York  10006
(212) 225-2000

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 6th Ave.
New York, New York  10019
(212) 373-3000

*Attorneys for Defendants-Appellees Bank of
America Corporation, Merrill Lynch & Co., Inc.,
Banc of America Securities LLC, Neil A. Cotty,
William Barnet III, Frank P. Bramble, Sr., John
T. Collins, Gary L. Countryman, Tommy R.
Franks, Charles K. Gifford, Monica C. Lozano,
Walter E. Massey, Thomas J. May, Patricia E.
Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr.,
Meredith R. Spangler, Robert L. Tillman, and
Jackie M. Ward*

# RULE 26.1 DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Defendant-Appellee Bank of America Corporation discloses that it has no parent corporation and that no publicly held corporation owns 10% or more of its stock.  Merrill Lynch & Co., Inc. and Merrill Lynch Pierce Fenner & Smith, Inc. (successor in interest to Banc of America Securities LLC) are wholly owned subsidiaries of Bank of America Corporation.

# **TABLE OF CONTENTS**

Page(s)

TABLE OF AUTHORITIES ......................................................................... ii

PRELIMINARY STATEMENT ....................................................................1

BACKGROUND ...........................................................................................4

    A.    Proceedings Below .............................................................4

    B.    Dornfest's Efforts to Displace the Appointed Lead Plaintiffs .............5

    C.    Dornfest's Prosecution of His Individual Action ................................9

    D.    Dornfest's Asserted Basis for Appellate Jurisdiction .......................10

STANDARD OF REVIEW ..........................................................................13

ARGUMENT ...............................................................................................13

    I.    There Is No Jurisdiction Over Dornfest's Appeal ............................13

    II.    In the Alternative, Dornfest's Appeal Should Be De-
        Consolidated from the Other Appeals from the Judgment ...............17

CONCLUSION ............................................................................................19

# TABLE OF AUTHORITIES

**Page(s)**

## Statutes and Rules

28 U.S.C. § 1291 ............................................................ 3, 14

Fed. R. Civ. P. 46 .......................................................... 17

## Cases

Cohen v. Beneficial Indus. Loan Corp.,
337 U.S. 541 (1949) ...................................................... 14

Coopers & Lybrand v. Livesay,
437 U.S. 463 (1978) ...................................................... 14

Deposit Guar. Nat'l Bank v. Roper,
446 U.S. 326 (1980) ...................................................... 15

Ginett v. Computer Task Grp., Inc.,
11 F.3d 359 (2d Cir. 1993) .............................................. 17

Joseph v. Leavitt,
465 F.3d 87 (2d Cir. 2006) .............................................. 13

O'Bert ex rel Estate of O'Bert v. Vargo,
331 F.3d 29 (2d Cir. 2003) ............................................. 14

Somoza v. N.Y.C. Dep't of Educ.,
538 F.3d 106 (2d Cir. 2008) ............................................ 14

## Other Authorities

James Wm. Moore et al., Moore's Federal Practice ...................... 17

The "Bank Defendants"[1] respectfully submit this motion, pursuant to Rule 27 of the Federal Rules of Appellate Procedure, requesting that the Court dismiss the appeal filed by Appellant Charles N. Dornfest ("Dornfest") for lack of jurisdiction, or, in the alternative, de-consolidate Dornfest's appeal from the four associated appeals with which it is currently consolidated.

## PRELIMINARY STATEMENT

In his Notice of Appeal, Dornfest asserts that he is appealing "from [1] the Judgment entered on April 9, 2013 . . . insofar as the Judgment dismissed the complaint of Plaintiff Charles N. Dornfest for violations of the Securities Laws; and [2] the ORDER, entered on September 29, 2011 . . . denying Plaintiff Charles N. Dornfest the right to move to certify a class of BoA option investors."  J.A. for Pl.-Appellant at A2079-80 (cited hereinafter as "A___").[2]

Dornfest cannot appeal from the April 9, 2013 Judgment ("the Judgment") because he was not a party to it and because it had no impact on him. The Judgment resulted from the approval of a settlement of a consolidated

---

[1]    The Bank Defendants are Bank of America Corporation ("Bank of America" or "the Bank"), Merrill Lynch & Co., Inc., Banc of America Securities LLC, Kenneth D. Lewis, Joe L. Price, Neil A. Cotty, John A. Thain, William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward.

[2]    The April 9, 2013 Judgment and the September 29, 2011 Order are appended to the end of this motion.

securities class action ("the Consolidated Securities Class Action") pending before Judge Castel.  The settlement was between judicially appointed Lead Plaintiffs, individually and on behalf of a Court-certified class, and the Bank Defendants. The second paragraph of that Judgment explains that the certified class on behalf of which the Consolidated Securities Class Action was brought consisted of owners of Bank of America common stock and January 2011 call options.  A2009-10.  And, the Judgment makes clear that it has no effect on purchasers, or holders, of Bank of America securities other than those included in the class.  A1643.

Dornfest's claims are based on his trading in options other than the January 2011 call options included in the certified class.  Dornfest Appeal Brief ("Dornfest Br.") at 12.  As such, he is not a member of the class, and by its own terms the Judgment had no impact on Dornfest's own case.

Dornfest also cannot appeal from Judge Castel's September 29, 2011 Order denying his request to assert claims on behalf of a class of options holders (other than the January 2011 call options that are in the certified class).  A1492. That Order was issued in an action commenced by Dornfest – an action that Dornfest has failed to prosecute.  His complaint in that action asserts claims on an individual and class-wide basis.  A619.  Even though Dornfest contends that he suffered almost $400,000 in damages, A822; Dornfest Br. at 12, he has made no attempt to pursue relief on his own behalf.  Instead, and repeatedly, he has

2

attempted to usurp the appointed Lead Plaintiff's ability to direct the management of the case as a whole, seeking to carve out a niche class which Dornfest and his counsel would lead.

Dornfest has been unsuccessful in his efforts to lead a class. Then-District Judge Chin and Judge Castel, to whom the case was assigned when Judge Chin became a member of this Court, both rejected Dornfest's repeated requests to pursue claims on behalf of a class. But each made clear to Dornfest that he could pursue his individual claims to judgment. Indeed, Judge Castel concluded the September 29, 2011 Order – from which Dornfest now purports to appeal – by stating that Dornfest "remains free to pursue his claims individually." A1492. And, Dornfest previously conceded that this Order is not a "final decision" from which an appeal is available. Dornfest Br. at 2; A1497-98. Thus, neither the September 29, 2011 Order nor any other order (or judgment) in Dornfest's individual action ever extinguished his right to continue to prosecute that action or his claim.

In short, appellate jurisdiction is absent under 28 U.S.C. § 1291 because there is no judgment or order from which Dornfest may now take an appeal. Once there is a final judgment in Dornfest's case resolving his individual claim, Dornfest may then pursue an appeal raising his "right" to assert class claims.

3

In the alternative, the Bank Defendants ask the Court to de-consolidate Dornfest's appeal from the other pending appeals taken from the Judgment in the Consolidated Securities Class Action.  Dornfest consents to this request.  Those other appeals challenge the class settlement, including the form of class notice, adequacy of the consideration, and attorney's fee award.  Dornfest appeals only whether he can pursue class claims on behalf of a <u>different</u> set of securities holders – claims that the Judgment in the Consolidated Securities Class Action do not affect.

## **<u>BACKGROUND</u>**

### A.    **Proceedings Below**

Bank of America common stock holders filed several actions in the Southern District of New York and other Districts, arising out of the Bank's acquisition of Merrill Lynch & Co., Inc. ("Merrill").  Through various means, these were assigned to then-District Judge Chin, who consolidated the actions, appointed Lead Plaintiffs and established case management and other procedures. Dornfest was one of three sets of plaintiffs who, in the months after Judge Chin ordered consolidation, filed actions and sought to assert separate claims on behalf of niche classes of investors in Bank of America options and bonds.  A971-72.  As Judge Chin explained, these plaintiffs asserted claims "aris[ing] out of the same facts and circumstances relating to [the Bank's] acquisition of Merrill as are at

4

issue in the Consolidated Securities Actions."  A973.  Indeed, Dornfest's January

13, 2010 complaint is in large part a verbatim copy of the amended complaint filed

in the Consolidated Securities Class Action on September 25, 2009.  Compare,

e.g., A487-546 with A634-94.

## B.    Dornfest's Efforts to Displace the Appointed Lead Plaintiffs

1.    In March 2010 Dornfest moved to be appointed lead plaintiff,

and his counsel as lead counsel, for purchasers of the Bank's options.  A813-14.

The appointed Lead Plaintiffs, A949-65, and the Bank Defendants, A846-52,

opposed that request.

On April 9, 2010, Judge Chin ordered the consolidation of the

putative class claims Dornfest and the other option and bond plaintiffs sought to

pursue into the Consolidated Securities Class Action, holding that under Hevesi v.

Citigroup Inc., 366 F.3d 70, 82 n.13 (2d Cir. 2004), "a lead plaintiff is empowered

to control the management of the litigation as a whole, and it is within the lead

plaintiff's authority to decide what claims to assert on behalf of the class."  A973.

Judge Chin further held that to permit other plaintiffs to bring additional class

actions "would interfere with Lead Plaintiffs' ability and authority to manage the

Consolidated Securities Actions," and that while it was the case that Lead Plaintiffs

had not at that point asserted claims on behalf of holders of Bank of America debt

securities or options, it was the prerogative of Lead Plaintiffs whether or not to do

so. A974. Judge Chin concluded that all three sets of niche "option class" and "bond class" plaintiffs were "free to pursue their claims as individual cases – but not as class actions." Id.

       2.    After all of the Merrill merger-related cases had been re-assigned, Judge Castel ordered Lead Plaintiffs in the Consolidated Securities Class Action to inform the Court whether any Lead Plaintiff invested in Bank of America options, and if so, the amount of such investment. A1003. On May 27, 2010, Lead Plaintiffs represented that, while no Lead Plaintiff invested in Bank of America options during the class period, Court-appointed Lead Counsel had been retained by an options investor, Grant Mitchell, who would serve as a named plaintiff for options holders. A1004. Lead Plaintiffs thereafter served a Second Amended Class Action Complaint (the "SAC") asserting, inter alia, class claims on behalf of investors in Bank of America debt securities and options, adding Grant Mitchell as a Named Plaintiff. A1040. The Bank Defendants moved to dismiss portions of the SAC, including the new claims asserted on behalf of investors in debt securities and options in which no Lead or Named Plaintiff invested. A1203. Dornfest submitted letters to the Court opposing the Bank Defendants' motion to dismiss, and arguing that the consolidation of Dornfest's class claims into the Consolidated Securities Class Action provided Lead Plaintiffs with standing to pursue claims on behalf of options holders. A1191, 1197. In response, counsel to

the Lead Plaintiffs wrote to Judge Castel explaining that "Lead Plaintiffs did not authorize [Dornfest's counsel] to send these letters, and that [Dornfest's lawyers do] not speak for the Lead Plaintiff or the Class in this Action."  A1199.  On July 29, 2011, the Court granted the Bank Defendants' motions to dismiss these new claims, holding that Lead Plaintiffs did not have standing to pursue class claims on behalf of investors in securities in which Lead or Named Plaintiffs did not invest. A1224.

3.    Dornfest thereafter again requested permission to file a motion to certify a class of investors in Bank of America options and to appoint Dornfest as lead plaintiff and his counsel as class counsel.  A1227-30.  Lead Plaintiffs again opposed Dornfest's request.  They further advised the District Court that they had analyzed Dornfest's options transactions, interviewed Dornfest, and had a subsequent conference with Dornfest's counsel.  A1233.  Lead Plaintiffs determined that to add Dornfest as a named plaintiff would sacrifice their credibility with the District Court.  A1261-62.

During a hearing on September 7, 2011, the Court requested letter briefs from the parties on whether Dornfest should be permitted to proceed with his own class action on behalf of other options investors.  A1273.  Dornfest once again argued that he should be permitted to move to certify a niche class of investors in Bank of America options, A1276-84, which the Lead Plaintiffs and the Bank

Defendants opposed.  A1285-92, 1478-80.  On September 29, 2011, Judge Castel again denied Dornfest's request, issuing a Memorandum and Order that was captioned in Dornfest's individual action.  A1492.  Judge Castel confirmed Judge Chin's April 9, 2010 Order, holding that under Hevesi Lead Plaintiffs were authorized to exercise control over the litigation as a whole, that "the PSLRA allows for a mechanism whereby additional class representatives may be proposed by the lead plaintiff to pursue those claims," A1490, and observing that while Lead Plaintiffs determined not to seek leave to add additional class plaintiffs to represent investors in options other than January 2011 call options, "[s]uch tactical decisions are the prerogative of a lead plaintiff," id.  Thus, Judge Castel concluded that even though he had determined that the Lead Plaintiffs lacked standing to pursue class claims on behalf of purchasers of options Dornfest bought, that was "not meaningful," and that Dornfest could not assert class claims on behalf of such purchasers, though Dornfest remained free to pursue his claims individually. A1491-92.

       4.    Dornfest then sought leave to appeal from this Order on an interlocutory basis.  On October 13, 2011, he petitioned this Court pursuant to Federal Rule of Civil Procedure 23(f), yet again arguing that he should be permitted to assert class claims.  A1493-1513.  The caption on his petition makes clear that it was filed in his individual action: "THIS DOCUMENT RELATES TO

CHARLES N. DORNFEST, Plaintiff-Petitioner v. BANK OF AMERICA CORPORATION ET AL. Defendant-Respondent."  In his reply, Dornfest also requested mandamus relief.  A1564.  This Court dismissed his Rule 23(f) petition and denied his request for mandamus relief, holding that Judge Castel's September 29, 2011 Order was not one granting or denying class-action certification, and that Dornfest did not demonstrate that mandamus was warranted.  A1571-72.

5. On March 27, 2012, Dornfest again sought leave to appeal from Judge Castel's September 29, 2011 Order on an interlocutory basis, this time under 28 U.S.C. § 1292(b).  A1573-96.  On April 16, 2012, in a Memorandum and Order again captioned in Dornfest's individual action, Judge Castel denied Dornfest's motion, noting that both he and Judge Chin had "observed that the separate class proposed by Dornfest would interfere with the lead plaintiffs' prerogative to exercise control of the class claims," and that "lead plaintiffs have authority and discretion to choose which claims to pursue."  A1614-16.  The Court further found that "any lead plaintiff necessarily makes determinations that limit a shareholder class."  Id.  Judge Castel once again emphasized that "Dornfest remains free to pursue his claims individually."  A1617.

## C.    Dornfest's Prosecution of His Individual Action

Beyond his efforts to represent a class, Dornfest has taken no steps to prosecute the action he filed in the District Court.

**D.    Dornfest's Asserted Basis for Appellate Jurisdiction**

Dornfest claims that Judge Castel's Judgment approving the settlement of the Consolidated Securities Class Action "dismissed [his] complaint."  Dornfest Br. at 2.  It did no such thing.  Dornfest was not a party to the Judgment, and it did not release claims of persons or entities who were not members of the certified class, or any claims arising out of securities not included in the definition of that class.  The Judgment applied only to claims arising out of trading in the Bank's common stock or January 2011 call options.  Dornfest's claims are based solely on Bank options other than the January 2011 options. Dornfest Br. at 12.

The plain text of the Judgment makes clear that it has no effect on Dornfest's claims.  The Judgment approved a settlement between Lead Plaintiffs, individually and on behalf of the Court-certified class, and the Bank Defendants. A2010-11.  In its statement of jurisdiction, the Court noted that it had personal jurisdiction over the Lead Plaintiffs, the Bank Defendants, and each of the class members.  A2012.

The Judgment defined the Court-certified class:

> (i) as to claims under Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 ("Exchange Act"), all persons and entities who held Bank of America Corporation ("BoA") common stock as of October 10, 2008, and were entitled to vote on the merger between BoA and Merrill Lynch & Co., Inc. ("Merrill"), and were

10

damaged thereby; and (ii) as to claims under Sections l0(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired BoA common stock during the period from September 18, 2008 through January 21, 2009, inclusive, excluding shares of BoA common stock acquired by exchanging stock of Merrill for BoA stock through the merger between the two companies consummated on January 1, 2009, and were damaged thereby; and (iii) as to claims under Sections l0(b) and 20(a) of the Exchange Act, all persons and entities who purchased or otherwise acquired January 2011 call options of BoA from September 18, 2008 through January 21, 2009, inclusive, and were damaged thereby; and (iv) as to claims under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933 (the "Securities Act"), all persons and entities who purchased BoA common stock issued under the Registration Statement and Prospectus for the BoA common stock offering that occurred on or about October 7, 2008, and were damaged thereby.

A2009-10. The options in which Dornfest claims to have traded are not included in this definition; as a trader in those options, Dornfest is not a member of the certified class. Dornfest Br. at 12.

The Judgment also had no impact on Dornfest's claims. The paragraph of the Judgment titled "Final Settlement Approval and Dismissal of Claims" states: "The [Consolidated Securities Class] Action and all of the claims against Defendants by Lead Plaintiffs and the other Class Members are hereby dismissed with prejudice." A2013. The paragraph titled "Binding Effect" states:

"The terms of the Stipulation and of this Judgment shall be forever <u>binding on the Defendants, Lead Plaintiffs and all other Class Members</u> (regardless

11

of whether or not any individual Class Members submits a Proof of Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective heirs, executors, administrators, predecessors, successors, affiliates and assigns.  The Persons listed on Exhibit 1 hereto are excluded from the Class pursuant to request and are not bound by the terms of the Stipulation or this Judgment."

Id. (emphasis added).  And, the paragraph titled "Releases" explains:

> Without any further action by anyone, and subject to paragraphs 8 and 9 below,[3] upon the Effective Date of the Settlement, <u>Lead Plaintiffs, Class Representatives, and each of the other Class Members</u>, on behalf of themselves, their heirs, executors, administrators, predecessors, successors, affiliates and assigns, shall be deemed to have, and by operation of law and of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed each and every Released Lead Plaintiffs' Claim against the Defendants and the other Defendants' Releasees and shall forever be enjoined from prosecuting any or all of the Released Lead Plaintiffs' Claims against any of Defendants' Releasees.

A2013-14 (emphasis added).

The definition of "Released Lead Plaintiffs' Claim" was provided in the Stipulation and Agreement of Settlement dated November 30, 2012 (the "Stipulation"), A1620, and expressly incorporated into the "Releases" paragraph of the Judgment, A2010, A2013.  That term is defined as all claims that "Lead Plaintiffs or any other member of the Class" asserted or could have asserted against

---

[3]   Paragraphs 8 and 9 of the Judgment carve out from the scope of the Judgment claims unrelated to Dornfest's.

12

Defendants that: (1) arise out of the facts relating to the First Amended Complaint or SAC in the Consolidated Securities Class Action; <u>and</u> (2) "that either arise out of or are based upon (a) the purchase or other acquisition of BoA common stock or BoA January 2011 call options during the Class Period, or (b) the holding of  BoA common stock that gives rise to a Section 14(a) or 20(a) claim arising out of the vote by record holders of BoA common stock in connection with the Merger." A1641-42.  The definition continues: "<u>For the sake of clarity, no claims are being released with respect to securities not covered by the Court-certified Class definition.</u>"  A1643 (emphasis added).

## <u>STANDARD OF REVIEW</u>

Appellate jurisdiction is a question of law that this Court reviews <u>de novo</u>.  Even if no party raises the issue, the Court must independently ensure that it has jurisdiction.  <u>See</u> <u>Joseph v. Leavitt</u>, 465 F.3d 87, 89 (2d Cir. 2006).

## <u>ARGUMENT</u>

## I.    **THERE IS NO JURISDICTION OVER DORNFEST'S APPEAL**

Dornfest asserts that he is appealing "from [1] the Judgment . . . insofar as [it] dismissed the complaint of Plaintiff Charles N. Dornfest for violations of the Securities Laws; and [2] the ORDER, entered on September 29, 2011 . . . denying Plaintiff Charles N. Dornfest the right to move to certify a class of BoA option investors."  A2079-80.  But he was not a party to the Judgment and

13

it did not affect his rights, the September 29, 2011 Order was interlocutory, and there is no final order in his case from which to appeal.

Section 1291 provides this Court with jurisdiction over "final decisions" by the district courts. See 28 U.S.C. § 1291. An order is final for purposes of Section 1291 when it "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Coopers & Lybrand v. Livesay, 437 U.S. 463, 467 (1978) (citation omitted).[4] "So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal." Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 546 (1949).

The Judgment was not a final order in Dornfest's case. It did not apply to him or to any claims arising out of the securities upon which his claims are based.[5] It is equally uncontestable that the September 29, 2011 Order denying Dornfest's request to assert class claims on behalf of options investors was not a

---

[4]    See also Somoza v. N.Y.C. Dep't of Educ., 538 F.3d 106, 112 (2d Cir. 2008) ("The requisite indicia of finality is that there be some manifestation by the district court that it intends the decision to be its final act in the case." (citation omitted)); O'Bert ex rel Estate of O'Bert v. Vargo, 331 F.3d 29, 40 (2d Cir. 2003) ("[A] final judgment is one that conclusively determines all of the rights of the parties to the litigation.").

[5]    While the District Court Clerk's Office filed a copy of the Judgment in the docket in Dornfest's individual action, it did so because his case was associated with the multidistrict litigation docket of the Consolidated Securities Class Action, No. 09-MD-2058. Indeed, the Clerk's Office filed the Judgment in the dockets of all such associated cases, including individual actions now being prosecuted in the District Court. A1-2, A206.

final order, much less a final judgment. He acknowledged as much when he sought leave to appeal from this Order on an <u>interlocutory</u> basis, first in this Court under Rule 23(f), and then in the District Court under 28 U.S.C. § 1292(b).

Dornfest's complaint in his individual action asserts claims both individually and on behalf of a putative class of Bank of America options investors. A619. Each time the District Court denied Dornfest's request to prosecute class claims, it expressly ruled that he was free to proceed with his individual claims. A974, 1492. Indeed, Judge Castel's April 16, 2012 Order denying Dornfest's motion under Section 1292(b) – the final District Court order addressing his claims in any way – so stated. A1617. No court order ever abridged or dismissed the individual claims Dornfest asserts in his complaint. Only when there is a final order or judgment <u>in Dornfest's action</u> may he appeal the denial of his requests to bring class claims.[6]

Since the Judgment in the Consolidated Securities Class Action plainly did not dismiss Dornfest's claims (or the claims of other investors who purchased the same Bank securities Dornfest did), if Dornfest's individual action was somehow dismissed – as he contends, Dornfest Br. at 2, 11 – the only orders that could have had that effect are those that consolidated the putative class claims

---

[6]   See <u>Deposit Guar. Nat'l Bank v. Roper</u>, 446 U.S. 326, 336 (1980) ("[T]he denial of class certification [is] a procedural ruling, collateral to the merits of a litigation, that is appealable after the entry of final judgment.").

15

Dornfest sought to bring with the Consolidated Securities Class Action.  But they were issued on April 9, 2010 and September 29, 2011.  A970, 1488.  Yet Dornfest never filed a timely appeal from either of these orders, other than his unsuccessful appeal under Rule 23(f) from the latter, in which he conceded that he was appealing from an interlocutory, rather than a final, order.  A1503.  Moreover, the parties made clear in a stipulation, which was so-ordered by Judge Chin, that Dornfest's case would continue even if the class claims were consolidated into the Consolidated Securities Class Action.  A807-08.  Thus, no final order or judgment has yet been entered in Dornfest's own case; he just has shown no interest in pursuing it.

When conferring with Dornfest's counsel regarding Dornfest's position on the motion, we were advised that Dornfest maintains that the Judgment dismissed his individual action.  The evidence that it did not is overwhelming:  he was not a party to the Judgment, A2012; by its terms it only impacted claims brought on behalf of the certified class, A2009-14; it expressly carved Dornfest's claims out of its scope, A1643; Dornfest signed a so-ordered stipulation providing that his individual claims would survive any consolidation into the Consolidated Securities Class Action, A807-08; and both Judge Chin and Judge Castel held that the consolidation of Dornfest's class claims did not impact his individual claims, A974, A1492.  If, in the face of all this, Dornfest was concerned that the Judgment

16

could result in the dismissal of his individual action – a consequence never mentioned in any of the papers filed in support of or against the entry of the Judgment – he could, and should, have informed the parties and the District Court, and objected to the entry of the Judgment "insofar as [it] dismissed [his] complaint." A2080.  Dornfest not being a party to the Judgment or a beneficiary thereof, there was no intent for the Judgment to impact Dornfest's individual case; it would have taken little for Judge Castel to assuage any concerns Dornfest might have had about the impact of the Judgment on his case, and Judge Castel (and the parties to the Judgment) were entitled to the opportunity to correct the Judgment if any correction was needed.  See Fed. R. Civ. P. 46 (requiring parties to object to rulings or orders and provide grounds for objection).  Dornfest was not free to sit silently and then seek to appeal.[7]

## II.    IN THE ALTERNATIVE, DORNFEST'S APPEAL SHOULD BE DE-CONSOLIDATED FROM THE OTHER APPEALS FROM THE JUDGMENT

We are advised that this Court's Clerk's Office has consolidated Dornfest's appeal under the lead docket number 13-1573 (Appellants AMP Capital Investors Ltd., Colonial First State Investments Ltd., and H.E.S.T. Australia Ltd.),

---

[7]    See 9 James Wm. Moore et al., Moore's Federal Practice § 46.2 ("The purpose of the Rule 46 requirement is to allow the court an immediate opportunity to reconsider its action and correct any error. . . . If a party fails to object to an action by the court, appellate review of the trial court conduct at issue is generally precluded."); see also Ginett v. Computer Task Grp., Inc., 11 F.3d 359, 361 (2d Cir. 1993).

along with three other associated cases, docket numbers 13-1798 (Appellant Michael Washenik), 13-1830 (Appellants Orloff Family Trust DTD 10/3/91, Orloff Family Trust DTD 12/31/01, and St. Stephen, Inc.), and 13-1853 (Appellants Leonard Masiowski, MaryAnn Masiowski, Babette Rinis, Michael J. Rinis, and Michael J. Rinis IRA).

Dornfest's appeal should be de-consolidated from those other appeals. He agrees. The issues on which Dornfest seeks appellate review are entirely irrelevant to the other appellants. Similarly, the issues on which those other appellants seek appellate review are entirely irrelevant to Dornfest.

Further, all of the other appellants are members of the certified class, and each made timely objections to the settlement based on the sufficiency of the class notice, the adequacy of the settlement amount, and/or the appropriateness of the amount of attorneys' fees awarded to plaintiffs' counsel, and each seeks (in whole or in part) to overturn the Judgment. By contrast, Dornfest seeks to pursue claims based upon trading in options not included in the certified class, did not file an objection to the settlement, and makes no challenge to the notice or terms of the settlement itself, or indeed to the Judgment. Rather, Dornfest is only appealing the District Court's denial of his own attempts to bring a separate class action.

Consolidation of Dornfest's appeal into the master docket and with the other associated cases achieves none of the efficiency of consolidation, and

would create confusion and delay by consolidating appeals that address no common questions.

## **CONCLUSION**

For the foregoing reasons, Dornfest's appeal should be dismissed for lack of jurisdiction.  In the alternative, his appeal should be de-consolidated from the associated cases with which it is currently consolidated.

Dated: New York, New York
      August 28, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN &
HAMILTON LLP


By:    /s/ Mitchell A. Lowenthal

     Mitchell A. Lowenthal
     Lewis J. Liman

One Liberty Plaza
New York, New York 10006
(212) 225-2000


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP


By:    /s/ Audra J. Soloway

     Brad S. Karp
     Daniel J. Kramer
     Audra J. Soloway

1285 6th Ave.
New York, New York 10019
(212) 373-3000

*Attorneys for Defendants-Appellees Bank of
America Corporation, Merrill Lynch & Co.,
Inc., Banc of America Securities LLC, Neil A.
Cotty, William Barnet III, Frank P. Bramble,
Sr., John T. Collins, Gary L. Countryman,
Tommy R. Franks, Charles K. Gifford,
Monica C. Lozano, Walter E. Massey,
Thomas J. May, Patricia E. Mitchell, Thomas
M. Ryan, O. Temple Sloan, Jr., Meredith R.
Spangler, Robert L. Tillman, and Jackie M.
Ward*

BAKER BOTTS LLP


By:    /s/ Julia Guttman

     Julia Guttman

The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2400
(202) 639-7700

*Attorneys for Defendant-Appellee Joe L. Price*


DECHERT LLP


By:    /s/ Adam J. Wasserman

     Andrew J. Levander
     Adam J. Wasserman

1095 Avenue of the Americas
New York, New York  10018
(212) 698-3500

*Attorneys for Defendant-Appellee John A. Thain*

DEBEVOISE & PLIMPTON LLP


By:   /s/ Colby A. Smith

      Colby A. Smith

555 13TH Street, N.W.
Washington, D.C.  20004
(202) 383-8118

*Attorneys for Defendant-Appellee Kenneth
D. Lewis*

# Exhibit C

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

AMP CAPITAL INVESTORS LIMITED,
et al.,

                Objectors-Appellants,

CHARLES N. DORNFEST,

                Plaintiff-Appellant,

   -against-

PUBLIC PENSION FUNDAS, et al.,

                Plaintiffs-Appellees,

BANK OF AMERICA CORP., et al.,

                Defendants-Appellees.

Docket Nos. 13-1573-cv and
          13-1677-cv

Appeal from the United States
District Court for the Southern
District of New York

09 Md. 2058 (PKC)
10 Civ. 275(PKC)

## OPPOSITION TO MOTION TO DISMISS THE APPEAL OF PLAINTIFF-APPELLANT CHARLES N. DORNFEST FOR LACK OF APPELLATE JURISDICTION

Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (T)
(212) 684-5191 (F)
jspanier@abbeyspanier.com

Jeffrey H. Squire
Raymond A. Bragar
Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858 (T)
(212) 486-0462 (F)
squire@bespc.com

*Attorneys for Plaintiff-Appellant*
*Charles Dornfest*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT..............................................................1

ARGUMENT ................................................................................2

CONCLUSION ............................................................................8

# TABLE OF AUTHORITIES

Statutes:

18 U.S. C. § 1292(b) ....................................................................................6

Rules:

F.R. Civ P. 46 ..............................................................................................5

Fed.R.Civ.P. 23(f) .......................................................................................6

Appellant Charles N. Dornfest ("Dornfest") respectfully submits this opposition to the Bank Defendants'[1] motion to dismiss Dornfest's appeal for a supposed lack of appellate jurisdiction. Dornfest consents to the deconsolidation of his appeal, the alternative relief sought.

## PRELIMINARY STATEMENT

The Bank Defendants' motion to dismiss Dornfest's appeal avoids the two most important rulings relevant to the Bank Defendants' motion. Those rulings are:

(1) Paragraph 5 of the Judgment (A2009, A2013), from which Dornfest appeals, dismissed with prejudice the "Action". The "Action" was defined in the Stipulation of Settlement (A1620, A1633) as the consolidated securities class action, *In re Bank of America Corp. Securities, Derivative, and Employee Retirement Income Security Act (ERISA) Litigation*; Master File No. 09 MDL 2058, including all actions consolidated into that consolidated securities class action. That definition of "Action" was incorporated by reference into the Judgment by the Judgment's third "Whereas" clause (A2010), as well as

---

[1] All terms are used as defined in the Bank Defendants' motion unless otherwise noted.

1

paragraph 2 of the Judgment, which dismissed not only claims by "Class Members", but also dismissed the "Action" (A2012)[2]; and

(2) Judge Chin's April 9, 2010 order (A973) consolidated Dornfest's action into the Consolidated Securities Class Action.

Thus, the Judgment dismissed Dornfest's action with prejudice, and so provided jurisdiction for Dornfest's right to appeal.

## ARGUMENT

### THERE IS JURISDICTION OVER DORNFEST'S APPEAL BECAUSE THE JUDGMENT WAS A FINAL ORDER DISMISSING DORNFEST'S COMPLAINT

Paragraph 1(a) (A1633) of the Stipulation of Settlement ("Stipulation") (A1620), which is incorporated by reference into the Judgment (A2012), defines the "Action" as (A1633):

> "Action" means the consolidated securities action in the matter styled *Inre Bank of America Corp. Securities, Derivative and Employee Retirement Income Security Act(ERISA) Litigation,* No. 09 MDL 2058 (PKC) (S.D.N.Y.), and includes all actions consolidatedtherein pursuant to the Court's Consolidation Order.

On April 9, 2010, the district court consolidated Dornfest's complaint into the Action (A973). The Bank Defendants have conceded this fact on multiple occasions. For example, a letter from the Bank Defendants' counsel to the district court, dated May 14, 2010, correctly states (A988-89):

---

[2] The relevant pages from the Judgment and Stipulation of Settlement are annexed hereto.

On April 9, 2010, Judge Chin ordered the consolidation of these actions [Dornfest's action, among others], which were filed as purported class actions, with the Consolidated Securities Actions.

In another letter to the district court, dated February 24, 2011, the Bank Defendants' counsel explained (A1193):

On April 9, 2010, the Court rejected Dornfest's first application to be Lead Plaintiff for a class of options holders. Instead, the Court consolidated Dornfest's complaint with the Consolidated Securities Action.

Finally, on September 21, 2011, Bank Defendants again wrote to the district court and argued that it was beyond any doubt that Dornfest's action was consolidated into the Action (A1287):

Judge Chin...consolidated [Mr. Dornfest's case] into the Consolidated Securities Action. April 9 Order at 5 []. That decision is final and no longer subject to reconsideration. It is also not subject to genuine doubt.

Thus, in Bank Defendants' counsel's own words, it is beyond doubt that Dornfest'scomplaint was consolidated into the Action.

The Judgment, from which Dornfest appeals, dismissed the Action with prejudice. The Judgment is a final order as to Dornfest's complaint, and provides him with the right to appeal.

In an attempt to escape Dornfest's appeal from the Judgment, the Bank Defendants move to dismiss his appeal, and raise a host of side issues irrelevant to Dornfest's right to appeal. The Bank Defendants begin with a discussion of

3

Dornfest not having prosecuted his action as an "individual" action. However, as Dornfest's counsel explained, both to Judge Castel (A1271) and in Dornfest's brief filed on behalf of his appeal (at page 20 ftn. 4), considering the size of the case as compared to the size of Dornfest's individual claim, his individual claim was not large enough to litigate and try individually. In any event, Dornfest's decision not to litigate his action individually has no bearing on the fact that the Judgment dismissed his action. The Bank Defendants fail to explain how Dornfest not prosecuting his case individually— which would have been, practically, an impossible exercise—has relevance to the final Judgment that dismissed his claim.

Similarly, the Bank Defendants' discussion of a variety of other issues and definitions also all ignore the plain fact that the Judgment of dismissal was final as to Dornfest's action, namely, the Bank Defendants' discussion of the "part[ies] to the judgment" and personal "jurisdiction"(Bank Defendants' brief at 10); the "class determination" (*id.* at 10-11); the scope of the "release" (*id.* at 12-13); Dornfest's "claims" (*id.* at 11, 14, 15-16); and their discussion of a "stipulation" extending defendants' time to answer Dornfest's Complaint, taken separately or together, cannot avoid the Judgment's dismissal of Dornfest's action with prejudice. All of these points now raised by the Bank Defendants are irrelevant to the issue of whether Dornfest's action was dismissed by the Judgment. The Bank Defendants' host of issues only obfuscates the inescapable fact that Dornfest's case was

4

consolidated into the Action (as that term was defined by the Judgment), the Judgment is final, and it dismissed Dornfest's action with prejudice.

Moreover, contrary to the Bank Defendants' argument, the stipulation to which they refer says nothing about Dornfest's individual claims not being other than consolidated.[3]  Indeed, on May 14, 2010 the Bank Defendants advised the district court that they proposed to treat Dornfest's action as consolidated with the Consolidated Securities Action and, thus, were not required to answer his complaint (A987-991) (*id.* at 16).

The Bank Defendants seem implicitly to argue (Bank Defendants' brief at 15-16) that only Dornfest's "class claims" were consolidated, and not his individual claim, but they cite to nothing in the record, nor can they, that left Dornfest's action, whether class or individual, unconsolidated.  In apparent desperation, the Bank Defendants argue that they didn't "inten[d]" to dismiss Dornfest's claim (*id.* at 17), but argue that Dornfest should have tried to correct the Bank Defendants' allegedly "erroneous" dismissal of his action in connection with a $2.425 billion settlement.[4]  There was no error in the Judgment.  As described

---

[3] Even Judge Castel's decision from which Dornfest appeals (A1488), refers to the framework proposed by Dornfest in a "consolidated securities fraud class action" (A1491).

[4] The Bank Defendants cite to F.R. Civ P. 46, entitled "Objecting to a Ruling or Order" which is part of Title VI of the Rules, entitled, "Trials", but here there was never a trial.

below, Dornfest had attempted twice to seek appellate review of the order that precluded him from moving to certify a class of BoA option investors. Only after his action was finally dismissed could he appeal that order. The Judgment created his right to appeal.

Thus, even were the Banks Defendants' arguments relevant (and they are not) all these arguments should and can be heard as part of Dornfest's appeal. As set forth in great detail in Dornfest's opening brief, at every turn he has been diligent in pursuing review of the district court's decision that precluded him from moving to certify a class of BoA option investors. When these requests were denied, Dornfest made two attempts to have this Court review the district court's order barring him from making a class certification motion. Dornfest sought to appeal pursuant to Fed.R.Civ.P.23(f) and 18 U.S.C. §1292(b). Both of those attempts to appeal were denied.

Dornfest filed his notice of appeal from the final Judgment over five months ago, on April 24, 2013 (A2079-80). Needless to say, this Court's jurisdiction may always be challenged, but the Bank Defendants fail to provide any explanation as to why for the five months following Dornfest's filing his Notice of Appeal, the Bank Defendants sat idle, except to help craft the Joint Appendix. Only after Dornfest filed his opening brief did the Bank Defendants suddenly and erroneously

6

argue that the order dismissing the consolidated Action was, as to Dornfest, other than final.

## **CONCLUSION**

The Bank Defendants' motion to dismiss Dornfest's appeal should be denied, but for the reasons set forth in the Bank Defendants' motion, Dornfest's appeal should be deconsolidated from all the other appeals.

RESPECTFULLY SUBMITTED,
BRAGAR EAGEL & SQUIRE, P.C.


S/ Raymond A. Bragar

Jeffrey H. Squire
Raymond A. Bragar
Lawrence P. Eagel
885 Third Avenue, Suite 3040
New York, New York 10022
(212) 308-5858 (ph)
(212) 486-0462 (fax)
squire@bespc.com


ABBEY SPANIER, LLP

S/ Judith L. Spanier

Judith L. Spanier
212 East 39th Street
New York, New York 10016
(212) 889-3700 (ph)
(212) 684-5191 (fax)
jspanier@abbeyspanier.com

*Attorneys for Plaintiff-
Appellant Charles Dornfest*

8

# Exhibit D

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

AMP CAPITAL INVESTORS LIMITED, et
al.,

                Objectors-Appellants,

CHARLES N. DORNFEST,

                Plaintiff-Appellant,

  -against-

PUBLIC PENSION FUNDS, et al.,

                Plaintiffs-Appellees,

BANK OF AMERICA CORP., et al.,

                Defendants-Appellees.

Docket Nos. 13-1573-cv and
            13-1677-cv

Appeal from the United States
District Court for the Southern
District of New York

09 Md. 2058 (PKC)
10 Civ. 275 (PKC)

## REPLY IN SUPPORT OF MOTION TO DISMISS THE APPEAL OF PLAINTIFF-APPELLANT CHARLES N. DORNFEST FOR LACK OF APPELLATE JURISDICTION OR, IN THE ALTERNATIVE, TO DE-CONSOLIDATE THIS APPEAL FROM OTHERS

BAKER BOTTS LLP
The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C. 20004-2400
(202) 639-7700

*Attorneys for Defendant-Appellee
Joe L. Price*

DECHERT LLP
1095 Avenue of the Americas
New York, New York 10018
(212) 698-3500

*Attorneys for Defendant-Appellee
John A. Thain*

DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C. 20004
(202) 383-8118

*Attorneys for Defendant-Appellee
Kenneth D. Lewis*

CLEARY GOTTLIEB STEEN
& HAMILTON LLP
One Liberty Plaza
New York, New York 10006
(212) 225-2000

PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP
1285 6th Ave.
New York, New York 10019
(212) 373-3000

*Attorneys for Defendants-Appellees Bank of
America Corporation, Merrill Lynch & Co., Inc.,
Banc of America Securities LLC, Neil A. Cotty,
William Barnet III, Frank P. Bramble, Sr., John
T. Collins, Gary L. Countryman, Tommy R.
Franks, Charles K. Gifford, Monica C. Lozano,
Walter E. Massey, Thomas J. May, Patricia E.
Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr.,
Meredith R. Spangler, Robert L. Tillman, and
Jackie M. Ward*

The Bank Defendants[1] respectfully submit this reply in further support of their motion to dismiss the appeal filed by Plaintiff-Appellant Charles N. Dornfest for lack of appellate jurisdiction.[2]

## PRELIMINARY STATEMENT

Mr. Dornfest maintains that there is appellate jurisdiction here because the action he filed – on behalf of himself and a purported class – was dismissed as a result of the approval of a settlement by the District Court. He describes as "side issues irrelevant to [his] right to appeal" the following facts: the settlement was between the Bank Defendants and a class of which Mr. Dornfest was not a member; the settlement consideration was only to be paid to holders of common stock and a specific option that Mr. Dornfest did not purport to own; and the Judgment specifically provided that "no claims are being released with respect to securities not covered by the Court-certified Class definition." A1643. Nor, apparently, does it matter that all parties to the settlement, the Bank Defendants

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Bank Defendants' Motion to Dismiss the Appeal of Plaintiff-Appellant Charles N. Dornfest for Lack of Appellate Jurisdiction ("Bank Br.").

[2] In his Opposition to Motion to Dismiss the Appeal of Plaintiff-Appellant Charles N. Dornfest for Lack of Appellate Jurisdiction ("Dornfest Opp."), Mr. Dornfest states (at 1) that he consents to the Bank Defendants' alternative request for relief that his appeal be de-consolidated from the appeals with which it is currently consolidated.

and the Lead Plaintiffs, agree that "there is no colorable argument that [Dornfest's] case was dismissed by the Judgment." See Lead Plaintiffs' Response Br. at 2.

While most litigants who thought their case had been dismissed would welcome learning that it had not been, Mr. Dornfest surprisingly resists that conclusion. Rather, he now asserts that he does not want to prosecute his case unless he can do so on behalf of a class; his $400,000 "individual claim" is too insubstantial to litigate. Dornfest Opp. at 4. (That was not always his view. In his application to serve as a lead plaintiff Mr. Dornfest represented that "[d]ue to his significant financial stake" in the outcome of the litigation he is highly motivated to "vigorously prosecute" his claims.[3] A824.) So, all of the foregoing notwithstanding, Mr. Dornfest insists on a very literal reading of the Judgment that he claims would allow him to have a final order – even though he has no quarrel with the Judgment whatsoever, and seeks no relief in his appeal with respect to any of the Judgment's terms.

But even a literal reading of the Judgment is consistent with the practical realities of the settlement it embraced, the relief it conferred and the result one would expect from a determination that explicitly provided, "[f]or the sake of clarity," that it did not prejudice claims with respect to securities that were not

---

[3]     Moreover, in his merits brief (at 25 n.8) Mr. Dornfest notes that he can prosecute his claims by relying on what the Lead Plaintiffs have already done, and therefore requires "little, if any, additional discovery."

included within the certified class – e.g., Mr. Dornfest's claims. That is because

the Judgment dismissed the "Action," a term defined in the Judgment to include all

actions consolidated pursuant to "the Court's Consolidation Order" – another

defined term – and Mr. Dornfest's class claims were not consolidated into the

Action pursuant to that order. Indeed, Mr. Dornfest's action was not filed until

months after the Court's Consolidation Order was issued, and his class claims were

consolidated into the Action pursuant to a separate order. So, even disregarding all

of the "side issues" that make clear that the Judgment did not, and was not

intended to, dismiss Mr. Dornfest's case, the literal reading of the Judgment Mr.

Dornfest demands also reaches the same result.

## **ARGUMENT**

## I.    MR. DORNFEST'S INDIVIDUAL CLAIMS WERE NEVER DISMISSED

Mr. Dornfest does not contest that his complaint asserted claims both

on behalf of a putative class of investors who purchased Bank options <u>and</u> on an

individual basis. A619. The record is clear that Mr. Dornfest's attempt to

prosecute class claims was unsuccessful. And there is also no dispute that both

Judge Chin and Judge Castel issued orders to the effect that the Lead Plaintiffs in

the Consolidated Securities Class Action, not Mr. Dornfest, had the authority to

decide whether and how to prosecute the class claims Mr. Dornfest and his counsel

wanted to control.

As a result of those orders, Mr. Dornfest was not permitted to pursue the class claims asserted in his complaint, which became part of the Consolidated Securities Class Action.  While Mr. Dornfest maintains that in certain letters the Bank Defendants contended that his "complaint," rather than just the class claims asserted, had been consolidated, he does not acknowledge, much less deny, that every order issued in response to those letters, and indeed every order issued in the District Court pertaining to Mr. Dornfest, emphasized that he remains free to pursue those individual claims.  Bank Br. at 5-9.[4]  Nor does he offer any explanation for how those repeated admonitions – that Mr. Dornfest was "free to pursue [his] claims" on an individual basis, A974, and "remain[ed] free to pursue his claims individually," A1492, A1617 – or the order entered by Judge Chin providing that, even if consolidation were granted, Mr. Dornfest would be free thereafter to amend his complaint, A807-08, can be reconciled with the argument that his case had been dismissed.

Indeed, Mr. Dornfest also does not claim that any of the orders issued in the District Court dismissed his complaint.  Rather, his position is that the

---

[4]    Similarly, each of the letters from which Mr. Dornfest quotes also noted that Mr. Dornfest was free to pursue his claims on an individual basis.  A989; A1193; A1286.  Moreover, Mr. Dornfest himself wrote to the District Court and acknowledged that these orders provided that he "could pursue individual claims, but not class claims."  A1228.

Judgment dismissing the Consolidated Securities Class Action also had the effect of dismissing both the claims he brought on behalf of a putative class of options holders, and the claims he brought individually arising out of his purchase of options. And through silence he concedes that (1) he was not a party to the Judgment, A2010-11; (2) he was not named as being among the persons and entities over which the Court had jurisdiction when it rendered the Judgment, A2012; (3) the Judgment pertained to a negotiated settlement between the Bank Defendants and the Lead Plaintiffs, individually and on behalf of a Court-certified class, A2010-11, of which Mr. Dornfest was not a member, A2009-10; and (4) the Judgment only released claims on behalf of members of that class, and specifically stated that it had no impact on claims arising out of securities not included in the class definition. A2013-14; A1643.

If Mr. Dornfest were correct, then the Judgment would have had the effect of dismissing with prejudice claims that were not part of the certified class, held by parties who were not before the Court, and who received nothing in the settlement. It is not surprising that both the Bank Defendants and Lead Plaintiffs agree that the Judgment was not intended to, and did not, have the effect of dismissing or releasing Dornfest's options claims. Lead Plaintiffs' Br. at 2. Mr. Dornfest himself also never objected to the Judgment. And, there is no suggestion

5

that Judge Castel thought the Judgment would have the effect of dismissing Mr.

Dornfest's case.

Mr. Dornfest is thus left to argue (Dornfest Opp. at 1, 2) that the

Judgment dismissed his complaint because it dismissed the "Action" with

prejudice, and because "Action" is defined in the November 2012 Stipulation of

Settlement as "the consolidated securities action in the matter styled <u>In re Bank of

America Corp. Securities, Derivative and Employee Retirement Income Security

Act(ERISA) Litigation</u>, No. 09 MDL 2058 (PKC) (S.D.N.Y.), and includes all

actions consolidated therein pursuant to the Court's Consolidation Order." A1633.

But even Mr. Dornfest's reading of the Judgment and the documents

incorporated therein do not support his position.  He is correct that the definition of

the "Action" dismissed by the Judgment is provided in the November 2012

Stipulation of Settlement, and includes all actions consolidated into the

Consolidated Securities Class Action pursuant to the Court's "Consolidation

Order."  But Mr. Dornfest ends the analysis too soon: "Consolidation Order" is

also a term defined as the Memorandum Opinion and Order dated June 30, 2009,

whereby Judge Chin consolidated certain federal securities actions and appointed

Lead Plaintiffs.  A1621.  That Order preceded the filing of Mr. Dornfest's

complaint, A618, and his case was not among the actions that it consolidated.

Rather, Mr. Dornfest's claims were consolidated into the Consolidated Securities

Class Action by a consolidation order entered almost a year after the one specified

in the Stipulation of Settlement – Judge Chin's April 9, 2010 Order.  A974.[5]

Accordingly, even under Mr. Dornfest's literal reading, his case is not included in

the definition of "Action," so the language in the Judgment indicating that it

dismissed the "Action" in its entirety does nothing to support the contention that it

dismissed Mr. Dornfest's case.

## CONCLUSION

For the foregoing reasons, Mr. Dornfest's appeal should be dismissed

for lack of jurisdiction.  In the alternative, all parties agree that his appeal should

be de-consolidated from the associated cases with which it is currently

consolidated.

---

[5]    The June 30, 2009 Consolidation Order also appointed Lead Plaintiffs and
Lead Counsel, A446, and called for an implementing order setting forth the details
of the consolidation.  That implementing order, entered July 29, 2009, provided
that it would apply to future cases arising out of the same subject matter as the
Consolidated Securities Class Action "unless a party [to such a future case timely]
objects."  A463.  Mr. Dornfest did object, and moved to have himself appointed as
the lead plaintiff for a class of options holders.  A813.  The Lead Plaintiffs Judge
Chin appointed in the Consolidation Order opposed Mr. Dornfest's motion, A949,
as did the Bank Defendants.  A846.   Judge Chin resolved the dispute in the April
9, 2010 Order, in which he ordered that Mr. Dornfest's claims were consolidated
into the Consolidated Securities Class Action.

Dated: New York, New York
     September 13, 2013

Respectfully submitted,

CLEARY GOTTLIEB STEEN &
HAMILTON LLP


By:    /s/ Mitchell A. Lowenthal

     Mitchell A. Lowenthal
     Lewis J. Liman

One Liberty Plaza
New York, New York 10006
(212) 225-2000


PAUL, WEISS, RIFKIND, WHARTON &
GARRISON LLP


By:    /s/ Audra J. Soloway

     Brad S. Karp
     Daniel J. Kramer
     Audra J. Soloway

1285 6th Ave.
New York, New York 10019
(212) 373-3000

*Attorneys for Defendants-Appellees Bank of America Corporation, Merrill Lynch & Co., Inc., Banc of America Securities LLC, Neil A. Cotty, William Barnet III, Frank P. Bramble, Sr., John T. Collins, Gary L. Countryman, Tommy R. Franks, Charles K. Gifford, Monica C. Lozano, Walter E. Massey, Thomas J. May, Patricia E. Mitchell, Thomas M. Ryan, O. Temple Sloan, Jr., Meredith R. Spangler, Robert L. Tillman, and Jackie M. Ward*

8

BAKER BOTTS LLP


By:    /s/ Julia Guttman

      Julia Guttman

The Warner
1299 Pennsylvania Ave., N.W.
Washington, D.C.  20004-2400
(202) 639-7700

*Attorneys for Defendant-Appellee Joe L.
Price*


DECHERT LLP


By:    /s/ Adam J. Wasserman

      Andrew J. Levander
      Adam J. Wasserman

1095 Avenue of the Americas
New York, New York  10018
(212) 698-3500

*Attorneys for Defendant-Appellee John A.
Thain*

DEBEVOISE & PLIMPTON LLP

By:    /s/ Colby A. Smith
　　　　Colby A. Smith

555 13TH Street, N.W.
Washington, D.C.  20004
(202) 383-8118

*Attorneys for Defendant-Appellee Kenneth D. Lewis*