# 12-4671-cv(L),

12-4708-cv(CON), 12-4765-cv(CON), 13-4719-cv(CON), 13-4750-cv(CON), 13-4751-cv(CON), 13-4752-cv(CON), 14-32-cv(CON), 14-117-cv(CON), 14-119-cv(CON), 14-133-cv(CON), 14-157-cv(CON), 14-159-cv(CON), 14-192-cv(CON), 14-197-cv(CON), 14-219-cv(CON), 14-241-cv(CON), 14-250-cv(CON), 14-266-cv(CON), 14-303-cv(CON), 14-331-cv(CON), 14-349-cv(CON), 14-404-cv(CON), 14-422-cv(CON), 14-443-cv(CON), 14-480-cv(CON), 14-497-cv(CON), 14-530-cv(CON), 14-567-cv(CON), 14-584-cv(CON), 14-606-cv(CON), 14-663-cv(CON), 14-837-cv(CON)

# United States Court of Appeals

*for the*

# Second Circuit

IN RE PAYMENT CARD INTERCHANGE FEE AND
MERCHANT DISCOUNT ANTITRUST LITIGATION

———————————————

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

**PROOF REPLY BRIEF FOR OBJECTORS-APPELLANTS AMERICAN EXPRESS COMPANY, AMERICAN EXPRESS TRAVEL RELATED SERVICES COMPANY, INC., SERVE VIRTUAL ENTERPRISES, INC., ANCA 7 LLC D/B/A VENTE PRIVEE, USA, AMEX ASSURANCE COMPANY AND ACCERTIFY, INC.**

PHILIP C. KOROLOGOS
BOIES, SCHILLER & FLEXNER LLP
*Attorneys for Objectors-Appellants American Express Company, American Express Travel Related Services Company, Inc., Serve Virtual Enterprises, Inc., ANCA 7 LLC d/b/a Vente Privee, USA, Amex Assurance Company and Accertify, Inc.*
575 Lexington Avenue
New York, New York 10022
(212) 446-2300

**TABLE OF CONTENTS**

INTRODUCTION ..................................................................................................1

I. THE SETTLEMENT PROPONENTS MISCHARACTERIZE AMERICAN EXPRESS'S OBJECTION AND IGNORE THE DISTRICT COURT'S CERTIFICATION ERROR. ......................................2

II. AMERICAN EXPRESS'S COMPETITOR CLAIMS CANNOT BE RELEASED. ........................................................................................7

CONCLUSION ....................................................................................................9

# TABLE OF AUTHORITIES

**Cases**

*In re Literary Works in Electronic Databases Copyright Litigation*,
   654 F.3d 242 (2d Cir. 2011) ..............................................................................5, 6

*Joel A. v. Giuliani*,
   218 F.3d 132 (2d Cir. 2000) ..............................................................................5, 6

*National Super Spuds, Inc. v. New York Mercantile Exchange*,
   660 F.2d 9 (2d Cir. 1981) ......................................................................................8

## INTRODUCTION

This Court should reverse the district court's approval of the settlement because the settlement class includes members whose interests are directly and expressly antagonistic to one another on the very issues being settled. A fundamental conflict of interest exists between American Express, a class member by virtue of its subsidiaries' acceptance of Visa and MasterCard cards,[1] and the rest of the merchant class including the Class Representatives. Millions of those merchants are part of an overlapping class suing American Express for claims similar to those the class here seeks to settle. Indeed, the Class Representatives told the district court that it should approve the settlement because approval would put pressure on American Express to change its rules. And in approving the settlement, the district court observed that approval "will assist in the effort to 'fix'" what some merchants have called the "American Express problem." (SPA42.)

Appellees' briefs ignore this inherent conflict by claiming that since American Express acts as a merchant in some of its business, it should be bound to the settlement. The class they propose, so long as it includes American Express,

---

[1] Each of the American Express objectors-appellants, except American Express Company, is a class member because they each accept Visa and MasterCard branded cards. American Express Company, the parent company, is a Rule 23(b)(2) Settlement Class Releasing Party. *See* American Express Opening Brief ("Amex Op. Br.") at 4 n.3 & 6.

cannot be certified because of the antagonism that clearly exists between American Express and the rest of the merchant class.

## I. THE SETTLEMENT PROPONENTS MISCHARACTERIZE AMERICAN EXPRESS'S OBJECTION AND IGNORE THE DISTRICT COURT'S CERTIFICATION ERROR.

Class Plaintiffs, purportedly acting on behalf of American Express, brought claims against Visa, MasterCard and the banks and settled those claims in a way that (i) "exposes American Express's policies to new competitive pressures" (*see* Letter to Judge Orenstein from Class Counsel dated Dec. 10, 2012 (DA ____)); (ii) provides incentives for merchants who accept American Express cards to breach contractual provisions in their contracts with American Express or cancel those contracts (*see* Class Plaintiffs' Opening Brief in Support of Final Approval at 38 (DA____)); and (iii) discourages banks from deepening their relationships with American Express (*see* Class Plaintiffs' Reply Brief in Support of Final Approval at 29 (DA ____)).  In short, the Class Plaintiffs told the district court that this settlement is a good deal for the merchant class (which includes American Express and certain of its subsidiaries) including because it is a bad deal for American Express.  They did so while at the same time they were part of an overlapping class of merchants that brought similar claims challenging American Express's non-discrimination provisions in contracts they have with American Express.  (*See* Amex Op. Br. at 3-5, 9-10.)

2

Class Plaintiffs make no attempt to reconcile this antagonism or to demonstrate how they have adequately represented American Express's interests.[2] Instead, they essentially ask this Court to ignore that there is an overlapping lawsuit between the vast bulk of the class and American Express, urge the Court to continue to include American Express in the class, and suggest that the Court hold that there is no concern over the adequacy of representation of the class that includes American Express. But to allow such a class to be certified without carving American Express out of the class definition would be inconsistent with established cases and would set a dangerous precedent, as noted in American Express's Opening Brief. (*See* Amex Op. Br. at 14-25.)

Defendants appear to fault American Express for allegedly failing to show that the Class Representatives inadequately represented American Express in its capacity as a *merchant*. (*See* Def. Br. at 74-75.) Defendants are mistaken. American Express's interests as a merchant and its interests as a payment card

---

[2] Notably, while the Defendants in their brief refer to "the Class's showings that the Class Representatives adequately represent *all* absent class members, including AmEx" (Defendants-Appellees' Brief ("Def. Br") at 72-73 (citing Class Plaintiffs-Appellees' Brief ("Class Br.") § I.D) (emphasis in original)), the Class's brief does not contain any discussion of how the Class Representatives adequately represented American Express. Instead, Class Plaintiffs rely solely on purported "structural assurances of fair and adequate representation of all interests," such as the involvement of several mediators and the amount of discovery conducted by class counsel. (*See* Class Br. at 2; *see also id.* at 22-23, 47-48, 50-51.) None of these claimed "structural assurances" did anything to protect the interests of American Express.

3

network, an issuer, a merchant acquirer, or a transactions processor are fully consistent. American Express's policy is to "prevent discriminatory treatment of American Express Cardmembers and discriminatory surcharging of consumers who wish to use the American Express Card, not to encourage it. This policy extends to the entire American Express organization, including the operations in which American Express and/or its subsidiaries act as *merchants*." (McCurdy Decl. ¶ 13 (DA____) (emphasis added); Amex Op. Br at 22-23.) There is no, nor could there be any, evidence to the contrary. Simply put, the distinction on which Appellees rest their response fails to account for the reality of American Express's business, whether as a merchant or a network, and thus is a distinction that does not and cannot cure the antagonism that exists within the class.[3] (*See* Amex Op. Br. at 17-24.)

Moreover, even if one were to ignore, *arguendo*, the consistent policy in American Express's different business activities, neither of the cases cited by Defendants supports the proposition that an adequacy of representation problem can be cured if the representation of an absent class member is inadequate in one capacity but somehow adequate in another capacity. In *In re Literary Works in*

---

[3] The definition of the Rule 23(b)(2) Settlement Class, of course, draws no distinction between the "capacities" of class members: class members are either in or out of the class based on whether they currently accept or will in the future accept Visa and MasterCard cards regardless of the scope of their business activities. (SPA118.)

4

*Electronic Databases Copyright Litigation*, 654 F.3d 242, 249, 254 (2d Cir. 2011), cited in Defendants' brief at 75, this Court found that the district court abused its discretion in certifying a class and approving a settlement where the named plaintiffs failed adequately to represent the interests of all the class members. In reaching that conclusion, this Court observed that "*Amchem* therefore allows courts, in assessing the adequacy of representation, to examine a settlement's substance for evidence of prejudice to the interests of a subset of plaintiffs." *Id.* at 252. Here, one need look no further than the Class Plaintiffs' own statements to the district court about the effect of the settlement on American Express's business to find evidence of prejudice to the interests of a subset of plaintiffs. (*See* Amex Op. Br. at 9-10.) Class Plaintiffs' bald claim to the contrary that "the settlement as a whole provides no 'evidence of prejudice to the interests of a subset of plaintiffs'" (Class Br. at 48 (quoting *Literary Works*, 654 F.3d at 252)) is simply inaccurate as to American Express. Similarly, Class Plaintiffs' claim that "objectors cannot seriously dispute that class representatives and counsel shared their interest in (b)(2) relief" (Class Br. at 54) is likewise mistaken as to American Express, particularly where similar claims are also being pursued against American Express by an overlapping class of merchants. (*See* Amex Op. Br. at 14-25.)

Defendants' other case, *Joel A. v. Giuliani*, 218 F.3d 132 (2d Cir. 2000), fares no better. There, this Court found no "conflicting goals" between subclasses

of children who each held "identical" interests in seeking "dramatic improvement in the quality of all child welfare services." *Id.* at 140. Here, the class obviously has conflicting goals: the merchant class seeks to maximize differential treatment of credit card networks, while American Express seeks to protect its Cardmembers from unfair discrimination. Rather than holding "identical" interests, the merchant class is suing a class member and using the settlement to put pressure on how that class member conducts its business with the rest of the class.

Thus, neither *Joel A.* nor *Literary Works* supports Defendants' argument that Class Plaintiffs need only adequately represent American Express's interest as a merchant (which Class Plaintiffs did not do in any event) in order to avoid a fundamental conflict under Rule 23.

Finally, in the apparent hope of claiming that American Express's arguments should be ignored because it seeks to prevent this settlement from going forward, Defendants claim that American Express "primarily seeks to unwind the settlement." (Def. Br. at 73 n.22.) Defendants ignore that modifying the definition of the class so that it does not include American Express will allow for the resolution of the class's claims as contemplated by the settlement while not setting a precedent that a class can be certifiable even though it contains antagonism between class members as fundamental as the antagonism between plaintiffs and American Express, given the overlapping class suing American Express. (*See*

6

Amex Op. Br. at 36.) Leaving American Express outside the class presents no risk that Defendants would be subject to a different injunction than the one to which they have agreed. Because American Express has defended its own non-discrimination provisions against antitrust challenges for several years, there is no realistic risk that in its capacity as a merchant American Express would seek to enjoin similar non-discrimination rules of Visa and MasterCard.

## II. AMERICAN EXPRESS'S COMPETITOR CLAIMS CANNOT BE RELEASED.

American Express agrees with Appellees that if approval of the settlement is upheld, the release must not include any claims other than claims that arise in a class member's capacity as a merchant. (*See* Def. Br. at 73 ("The Competitors' Claims, *As Competitors*, Are Not Released.") (emphasis in original); Class Br. at 53, n.8 ("The settlement unambiguously 'does not bar claims that a class member may have in its capacity as a payment-card competitor, an ATM operator, or *any other capacity other than as a merchant* that accepts Visa and MasterCard credit cards' in the United States.") (quoting SPA47 (emphasis in original)).) Specifically, any claim that arises in any other capacity (such as a competing network, issuer, acquirer, transaction processor, or any other way in which American Express participates in the payment industry) cannot properly be released.

The difficulty with the language of the release, however, is that it does not expressly draw such a distinction between claims raised in a class member's capacity as a merchant and claims raised in any other capacity. (*See* Amex Op. Br. at 5-9, 25-27.) American Express may be prejudiced if it is bound to this release because it leaves open the possibility that one of the defendants may in the future try to use the release to defeat claims held uniquely by American Express and not shared by the Class Representatives. (*See id.* at 25-32.) Appellees appear to argue that the scope of the release is an issue than can be punted to a future court. But in *National Super Spuds, Inc. v. New York Mercantile Exchange*, 660 F.2d 9, 16 (2d Cir. 1981), this Court rejected the argument that approval of a settlement that releases claims not held by the class representatives may be harmless because a future court may interpret the settlement not to release those claims. Instead, a district court may not "pass over the question" of whether a release is proper simply because it is possible that a future tribunal "may assume the unenviable task of deciding that its act was a nullity." *Id.* The question of the scope of the release should clearly and finally be resolved now—not in some future litigation.

Thus, if the Court determines that American Express should remain part of the class, then at a minimum the Court should reverse and remand to require that any approval of the settlement should be conditioned upon alteration of the language of the release and of the judgment to make clear that the release applies

8

only to claims that might be brought in a merchant capacity and not in any other capacity, including that it does not cover claims brought in American Express's capacity as a competitor in the network services, card issuing, merchant acquisition, or any other businesses American Express engages in other than its conduct as a merchant.

## CONCLUSION

For the reasons set forth above and in American Express's Opening Brief, American Express Co., American Express Travel Related Services Company, Inc., Serve Virtual Enterprises, Inc., ANCA 7 LLC d/b/a Vente Privee, USA, AMEX Assurance Company, and Accertify, Inc., including on behalf of themselves and all parents, subsidiaries, divisions, affiliates, predecessors, successors, and assigns, respectfully request that the District Court's order certifying the Rule 23(b)(2) class and approving the class settlement be reversed and remanded with instructions that the settling parties should modify the definition of the Rule 23(b)(2) class to not include any entity that would otherwise be a member of the class and that (i) was a defendant; (ii) was under common ownership or control of any defendant; or (iii) is under common ownership or control of any defendant in any suit pending at the time that the settlement agreement was negotiated by other members of the class on grounds similar to any claims asserted here.  In the

alternative, the Court should reverse and remand with instructions to clarify the scope of the release.

Dated:   New York, New York
         November 25, 2014

                              BOIES, SCHILLER & FLEXNER LLP

                         By   /s/ Philip C. Korologos
                              Philip C. Korologos
                              575 Lexington Avenue
                              New York, NY 10022
                              Tel. (212) 446-2300
                              Email: pkorologos@bsfllp.com

                              *Attorneys for Objectors-Appellants American Express Co., American Express Travel Related Services, Inc., Serve Virtual Enterprises, Inc., ANCA 7 LLC d/b/a Vente Privee, USA, AMEX Assurance Company, and Accertify, Inc.*

10